UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TWENTY-FIVE TEN CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8245** |
| | **C/W 06-8709** |
| **HARTFORD FIRE INSURANCE COMPANY** | **SEC. B(3)** |

### ORDER

Before the Court is Plaintiff's Motion To Remand (Rec. Doc. No. 7). Plaintiff contends this court lacks subject matter jurisdiction. Whereas, Defendant contends subject matter jurisdiction exists as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332. The sole dispositive issue is whether the amount in controversy exceeds $75,000.00.

The party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction. *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When federal jurisdiction is premised upon diversity, the burden involves establishing that the jurisdictional amount requirement of a sum in excess of $75,000.00, exclusive of interest and costs, is satisfied. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*,

303 U.S. 283, 288 (1938)).  "A case may be removed unless it appear[s] to a legal certainty that the claim is . . . for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993)(quoting *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Columbia (ANPAC) v. Dow Quimica De Columbia S.A.*, 988 F.2d 559, 564 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).  In determining the amount in controversy, the complaint is first examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1253. If the amount is not apparent, the court may rely on "summary judgment-type" evidence in determining the amount in controversy. *Id.*  The removing party does not satisfy the burden of establishing jurisdiction when: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *ANPAC*, 988 F.2d at 566.

Defendant's arguments regarding the amount of damages including property, loss of business income, attorneys fees and

penalties have merit.  Furthermore, Plaintiff failed to submit an affidavit stipulating damages less than $75,000.00.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

New Orleans, Louisiana the 8th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE